# A. J. LYON & CO. *v.* STONE.

In Banc. Nov. 28, 1949

No. 37236 (43 So. (2d) 104)

**Lotterhos & Dunn,** for appellant.

676

**J. H. Sumrall,** for appellee.

**Hall, J.**

Appellee assessed $100.00 delinquent tobacco tax, plus $50.00 penalty, against appellant for the annual period

ending September 30, 1947, and $100.00 for the succeeding annual period, and the total amount was paid under protest by appellant, no penalty being due for the second year because the tax was paid before it became delinquent. The assessment was made pursuant to the law levying a special tobacco tax upon each place of business operated by a distributor, wholesaler, etc., Section 10168 et seq., Mississippi Code of 1942. Appellant brought suit to recover the taxes so paid by it and the case was tried by the court upon an agreed statement of facts, a jury trial having been waived, and from a judgment denying the relief sought this appeal is prosecuted.

The agreed statement of facts shows that appellant is a Mississippi corporation, domiciled in Meridian, Mississippi, and engaged in business as a wholesale grocer; that it had already paid one tobacco tax and the above assessment was for a second tax for the same period, based upon the theory that appellant was operating two separate places of business from both of which tobacco and other products are sold; that appellant rents one side of a building in the City of Meridian from G. M. & O. Ry. Co., where its business as a wholesaler is conducted; that in one portion of the building so rented it conducts a credit wholesale business under the name of A. J. Lyon & Company, with a front entrance upon a public street, and a sign so indicating, the street number being 14 South 22nd Avenue, and it is so listed in the telephone directory and also in the city directory; that in an adjoining portion of the same building, separated by a partition wall, the appellant operates a "cash and carry" wholesale business under the trade name of State Cash Wholesale Company, which has an entirely separate street entrance, where a sign is maintained identifying that entrance as being the business of said last named company; the street number of this entrance is 12 South 22nd Avenue; both the telephone directory and the city directory list State Cash Wholesale com-

pany at the last named street address, and it has a telephone number different from A. J. Lyon & Company; the city directory lists E. E. Fortenberry as manager of the business of A. J. Lyon & Company, and lists Alf L. Davis as manager of State Cash Wholesale Company, and said Davis is in fact in actual charge of that business but is under the supervision of Fortenberry. In the rear of the partition wall there is a door entering into a common warehouse from which all merchandise is drawn for both businesses; all merchandise drawn by State Cash Wholesale Company from this warehouse is charged by A. J. Lyon & Company to State Cash Wholesale Company; the receipts from all sales made by State Cash Wholesale Company are turned into the office of A. J. Lyon & Company each day and these funds are made available for use by it and all sales of both places are reported each month, for sales tax purposes, by and as the sales of A. J. Lyon & Company. All employees of both places are paid by the latter company. All credit sales are made from 14 South 22nd Avenue upon invoices bearing the name of A. J. Lyon & Company; all cash sales are made from 12 South 22nd Avenue upon invoices bearing the name of State Cash Wholesale Company. The sole question presented for decision is whether appellant, under the foregoing facts, was operating two places of business within the meaning of the tobacco tax law; if it was, it owed taxes on each place and is not entitled to recover; if it was not, then it did not owe the tax and should prevail in this suit for recovery thereof.

Section 10170 of the 1942 Code requires that each distributor, wholesaler, etc., engaged in the sale or use of cigars, cigarettes or smoking tobacco, shall file an application for a permit allowing him to engage in such business. It then provides that "An application shall be filed, and a permit obtained for each place of business owned or operated by each distributor . . ." It then provides that upon receipt of the application and fee the

commissioner may issue to the distributor or wholesaler "for the place of business designated" a nonassignable permit authorizing the sale of such products; it also provides that if the permit is revoked or suspended the holder thereof shall not sell any of such products "from such place of business". It further prohibits the transfer of the permit and requires that the "permit shall at all times be publicly displayed by the dealer . . . so as to be seen easily by the public". Said section also requires that the application for the permit shall, among other things, show "the location of the place of business to which the permit shall apply".

From all the foregoing it is quite clear that ██ the appellant was operating two separate places of business for the sale of tobacco products, under two different names, at two different street locations, one being a credit business and the other, as distinguished therefrom, being a strictly cash business, and that the statute contemplates and requires an application and permit and the payment of a tax for each of these places of business. Consequently, the judgment of the lower court is affirmed.

Affirmed.